IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREENOME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BIOMODAL LIMITED AND CHILDREN'S MEDICAL CENTER CORPORATION,<br><br>Defendants. | C.A. No. 1:26-cv-14055<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Freenome, LLC ("Plaintiff" or "Freenome") brings this action against Defendants biomodal Limited ("biomodal") and Children's Medical Center Corporation ("CMCC") (collectively, "Defendants").

**NATURE OF THE CASE**

1. This is an action for declaratory judgment of non-infringement, invalidity, and patent exhaustion under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Patent Act, 35 U.S.C. § 1 et seq.

2. Freenome develops and commercializes blood-based tests for the early detection of cancer. Its lead product, SimpleScreen CRC, uses enzymatic methylation sequencing ("EM-seq") products supplied by New England Biolabs, Inc. ("NEB"), a Massachusetts company, pursuant to a supply agreement between Freenome and NEB.

3. biomodal and CMCC are co-plaintiffs in a patent-infringement action (No. 1:24-cv-11697-RGS) against NEB already pending in this District ("NEB Action"), in which they assert patents in the so-called Rao patent family against NEB's EM-seq products. Having sued

Freenome's supplier over those products, biomodal and CMCC have now directed their patent-enforcement efforts downstream at Freenome, threatening suit and seeking to enjoin Freenome's use of the same NEB products.

4. biomodal previously prepared a draft complaint asserting three more recently issued Rao-family patents against Freenome. biomodal's infringement theory in that draft complaint is predicated on Freenome's purchase and use of NEB EM-seq products that overlap with products already at issue in this Court. biomodal and NEB have now settled the NEB Action, and NEB has informed Freenome that, pursuant to that settlement, NEB is licensed under the Rao patent portfolio to sell its EM-seq products and will continue supplying those products to Freenome. To the extent those sales are authorized by Defendants, Defendants' patent rights are exhausted with respect to the products sold and their downstream use.

5. Freenome brings this action to resolve that immediate and concrete controversy. Absent declaratory relief, biomodal threatens to use the Rao-family patents to interfere with the commercialization of SimpleScreen CRC.

## THE PARTIES

6. Plaintiff Freenome, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 3300 Marina Boulevard, Brisbane, CA 94005. Freenome develops and commercializes blood-based tests for the early detection of cancer, including its lead product, SimpleScreen CRC. Freenome, LLC is the successor in interest to Freenome Holdings, Inc. ("Freenome Holdings"), including with respect to the rights and obligations relevant to this action.

7. Defendant biomodal Limited is a company organized under the laws of the United Kingdom, with its principal place of business at Chesterford Research Park, Cambridge, CB10 1XL, United Kingdom. biomodal alleges that it is the exclusive licensee of the Patents-in-Suit and

possesses the right to enforce those patents, including the right to sue for infringement. biomodal is a co-plaintiff with CMCC in the NEB Action pending in this District.

8. Defendant Children's Medical Center Corporation is a Massachusetts nonprofit corporation with its principal office at 300 Longwood Avenue, Boston, Massachusetts, 02115, U.S.A. CMCC is a legal co-owner by assignment of the Patents-in-Suit, which are also co-owned by the United States of America, as represented by the Secretary of the Department of Health and Human Services. CMCC is a co-plaintiff with biomodal in the NEB Action pending in this District.

## THE PATENTS-IN-SUIT

9. This action concerns nine United States patents that biomodal has referred to as members of the Rao patent family (collectively, the "Patents-in-Suit").

10. U.S. Patent No. 11,208,683 ("'683 patent"), entitled Methods of Epigenetic Analysis, issued on December 28, 2021, and lists Anjana Rao, Mamta Tahiliani, Kian Peng Koh, Suneet Agarwal, and Aravind Iyer as inventors. A true and correct copy of the '683 patent is attached hereto as Exhibit A.

11. U.S. Patent No. 10,337,053 ("'053 patent"), entitled Labeling Hydroxymethylated Residues, issued on July 2, 2019, and lists Anjana Rao, Mamta Tahiliani, Kian Peng Koh, Suneet Agarwal, and Aravind Iyer as inventors. A true and correct copy of the '053 patent is attached hereto as Exhibit B.

12. U.S. Patent No. 10,774,373 ("'373 patent"), entitled Compositions Comprising Glucosylated Hydroxymethylated Bases, issued on September 15, 2020, and lists Anjana Rao, Mamta Tahiliani, Kian Peng Koh, Suneet Agarwal, and Aravind Iyer as inventors. A true and correct copy of the '373 patent is attached hereto as Exhibit C.

13. U.S. Patent No. 10,443,091 ("'091 patent"), entitled Selective Oxidation of 5-Methylcytosine by TET-Family Proteins, issued on October 15, 2019, and lists Anjana Rao, Mamta

Tahiliani, Kian Peng Koh, Suneet Agarwal, and Aravind Iyer as inventors. A true and correct copy of the ’091 patent is attached hereto as Exhibit D.

14. U.S. Patent No. 10,533,213 (“’213 patent”), entitled Selective Oxidation of 5-Methylcytosine by TET-Family Proteins, issued on January 14, 2020, and lists Anjana Rao, Mamta Tahiliani, Kian Peng Koh, Suneet Agarwal, and Aravind Iyer as inventors. A true and correct copy of the ’213 patent is attached hereto as Exhibit E.

15. U.S. Patent No. 10,767,216 (“’216 patent”), entitled Methods for Distinguishing 5-Hydroxymethylcytosine From 5-Methylcytosine, issued on September 8, 2020, and lists Anjana Rao, Mamta Tahiliani, Kian Peng Koh, Suneet Agarwal, and Aravind Iyer as inventors. A true and correct copy of the ’216 patent is attached hereto as Exhibit F.

16. U.S. Patent No. 12,291,742 (“’742 patent”), entitled Selective Oxidation of 5-Methylcytosine by TET-Family Proteins, issued on May 6, 2025, and lists Anjana Rao, Mamta Tahiliani, Kian Peng Koh, Suneet Agarwal, and Aravind Iyer as inventors. A true and correct copy of the ’742 patent is attached hereto as Exhibit G.

17. U.S. Patent No. 12,331,346 (“’346 patent”), entitled Selective Oxidation of 5-Methylcytosine by TET-Family Proteins, issued on June 17, 2025, and lists Anjana Rao, Mamta Tahiliani, Kian Peng Koh, Suneet Agarwal, and Aravind Iyer as inventors. A true and correct copy of the ’346 patent is attached hereto as Exhibit H.

18. U.S. Patent No. 12,338,489 (“’489 patent”), entitled Selective Oxidation of 5-Methylcytosine by TET-Family Proteins, issued on June 24, 2025, and lists Anjana Rao, Mamta Tahiliani, Kian Peng Koh, Suneet Agarwal, and Aravind Iyer as inventors. A true and correct copy of the ’489 patent is attached hereto as Exhibit I.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, 35 U.S.C. § 1 et seq. Freenome seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

20. An actual and justiciable controversy exists between Freenome and Defendants concerning the infringement and validity of the Patents-in-Suit and the exhaustion of Defendants' rights thereunder. On February 5, 2026, counsel for biomodal sent Freenome Holdings, predecessor in interest to Freenome, LLC, a letter asserting that Freenome's diagnostic assays will infringe six of the Patents-in-Suit—six patents that biomodal is also asserting against NEB in the NEB Action—and demanding that Freenome cease its planned activities absent authorization, and threatening to file an infringement action and seek preliminary and permanent injunctive relief. biomodal subsequently prepared a draft complaint against Freenome asserting three other Rao-family patents not identified in the February 5 letter, alleging direct and indirect infringement, and seeking damages, enhanced damages, and injunctive relief. The controversy is immediate, real, and ripe for adjudication.

21. This Court has specific personal jurisdiction over biomodal because biomodal has purposefully directed patent-enforcement activities toward and within Massachusetts that give rise to and directly relate to the controversy presented in this action. biomodal, together with CMCC, commenced and continues to prosecute the NEB Action in this Court, asserting patents in the Rao family against the same NEB EM-seq products on which biomodal predicates its infringement allegations against Freenome. In the NEB Action, biomodal alleges that NEB directly infringes Rao-family patents through the manufacture, sale, and use of its EM-seq products and indirectly infringes by supplying those products to customers and instructing customers to use them in allegedly infringing ways.

22. biomodal has further invoked judicial process in connection with its Massachusetts enforcement action to obtain extensive third-party discovery from Freenome concerning Freenome's purchase and use of NEB's EM-seq products, including the downstream use that forms the basis of biomodal's threatened infringement action against Freenome. biomodal's threatened claims against Freenome thus arise out of or relate directly to biomodal's enforcement activities in Massachusetts concerning the Rao patent family and NEB's EM-seq technology.

23. This Court has general personal jurisdiction over CMCC because CMCC is organized under the laws of the Commonwealth of Massachusetts and maintains its principal office in Boston, Massachusetts. CMCC is also a co-plaintiff with biomodal in the NEB Action pending before this Court.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391. CMCC resides in this District, and biomodal, as a defendant not resident in the United States, may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3). In addition, a substantial part of the events giving rise to this controversy occurred in this District, including Defendants' enforcement of the Rao patent family against NEB and their investigation, through the NEB Action, of Freenome's downstream use of NEB's EM-seq products.

25. This District also has a substantial connection to the subject matter of this action. NEB, the manufacturer and seller of the EM-seq products on which biomodal predicates its infringement allegations against Freenome, maintains its principal place of business at 240 County Road, Ipswich, Massachusetts. The NEB Action is pending before this Court and involves six of the Patents-in-Suit, the same NEB EM-seq technology, and overlapping factual and legal issues. This Court has already conducted claim-construction proceedings concerning related Rao-family patents and the accused EM-seq technology.

## FACTUAL BACKGROUND

### A. The NEB Supply Agreement and the Products at Issue

26. On February 16, 2022, Freenome Holdings, Freenome, LLC's predecessor in interest, and NEB entered into a Supply Agreement (the "Original Supply Agreement") pursuant to which NEB agreed to supply, and Freenome Holdings agreed to purchase, a custom version of NEB's NEBNext Enzymatic Methyl-seq Kit, product number E0740B-FN1 (the "Custom Kit"), manufactured for Freenome Holdings at NEB's facility in Ipswich, Massachusetts. On November 9, 2022, Freenome Holdings and NEB entered into Amendment No. 1 to the Original Supply Agreement ("Amendment No. 1" and, together with the Original Supply Agreement, the "Agreement"). Freenome, LLC subsequently succeeded to Freenome Holdings' rights and obligations under the Agreement.

27. The Agreement expressly contemplates Freenome's use of NEB's enzymatic methylation-sequencing technology in blood-based screening diagnostic assays for the early detection of cancer. The products covered by the Agreement include the Custom Kit, as well as certain other NEBNext Enzymatic Methyl-seq products (collectively, the "EM-seq Products").

28. The Agreement defines a diagnostic field that encompasses blood-based sequencing screening assays that detect DNA methylation information for the early detection of cancer (the "Field"). The Field expressly distinguishes such diagnostic use from use solely for research and development purposes.

29. The Agreement grants Freenome certain exclusive rights under NEB's intellectual-property rights to practice NEB's EM-seq method using EM-seq Products purchased from NEB within the Field. The Agreement expressly contemplates the commercial launch and regulatory development of Freenome diagnostic assays incorporating the EM-seq Products.

30. NEB supplies the Custom Kit to Freenome with knowledge that Freenome incorporates the Custom Kit into a commercial blood-based cancer-screening diagnostic.

**B. Freenome's Development and Commercialization of SimpleScreen CRC**

31. Freenome is a biotechnology company focused on the early detection of cancer through blood-based testing. Freenome has used NEB's enzymatic methylation-sequencing technology in the research and development of its blood-based cancer-screening assays since at least 2018.

32. Freenome's lead product, SimpleScreen CRC, is a blood-based colorectal-cancer screening test that analyzes molecular signals, including DNA methylation patterns, in cell-free DNA derived from a patient's blood sample. SimpleScreen CRC incorporates the Custom Kit supplied by NEB as part of its analytical workflow.

33. Freenome conducted extensive clinical validation of its CRC assay through PREEMPT CRC, a prospective clinical study designed to evaluate Freenome's blood-based test for the early detection of colorectal cancer. PREEMPT CRC enrolled 48,995 participants at more than 200 clinical sites in the United States.

34. Freenome has submitted a Pre-Market Approval application ("PMA") to the U.S. Food and Drug Administration ("FDA") for SimpleScreen CRC. The assay configuration underlying Freenome's PMA incorporates NEB's EM-seq technology.

35. Freenome received FDA approval for SimpleScreen CRC on July 27, 2026. The approval is for the screening adults 45 and older who are at average risk for colorectal cancer. This approval means that SimpleScreen CRC meets the coverage criteria for Medicare.

36. Freenome commercially launched an Early Access Program ("EAP") for SimpleScreen CRC in early 2026. The commercial assay incorporates the Custom Kit supplied by NEB under the Agreement.

**C. The NEB Action**

37. On July 1, 2024, biomodal and CMCC filed a complaint for patent infringement against NEB in this Court, captioned *biomodal Limited and Children's Medical Center Corporation v. New England Biolabs, Inc.*, Civil Action No. 1:24-cv-11697-RGS.

38. biomodal and CMCC currently assert six of the nine Patents-in-Suit against NEB: the ’053, ’091, ’213, ’216, ’373, and ’683 patents. Those are the same six patents that biomodal subsequently asserted against Freenome in its February 5, 2026 letter.

39. As this Court has recognized, the patents asserted in the NEB Action share substantially the same specification and claim priority to the same provisional application. They concern methods for regulating and detecting the cytosine methylation status of DNA using the catalytic activity of TET-family proteins.

40. The products accused in the NEB Action include the NEBNext Enzymatic Methyl-seq Conversion Module (E7125) and the NEBNext Enzymatic Methyl-seq Kit (E7120), which are among the EM-seq Products covered by the Agreement between NEB and Freenome.

41. In the NEB Action, biomodal alleges that NEB directly infringes the asserted patents by making, using, offering to sell, selling, and/or importing the accused EM-seq products. biomodal further alleges that NEB induces infringement by providing customers with instruction manuals and protocols directing customers to use the accused EM-seq products in allegedly infringing ways.

42. biomodal also alleges that NEB contributes to infringement by supplying accused EM-seq products that constitute a material part of the claimed inventions, are especially made or adapted for use in an infringing manner, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

43. The Court conducted a *Markman* hearing on July 29, 2025, and issued a Memorandum and Order on claim construction on August 12, 2025, construing nine disputed claim terms across the six Patents-in-Suit asserted in the NEB Action. The Court has accordingly developed substantial familiarity with those patents and the accused EM-seq technology.

44. In connection with the NEB Action, biomodal sought third-party discovery from Freenome concerning Freenome's purchase and use of NEB's EM-seq products and deposed Freenome's corporate representative, Sally Howard, concerning Freenome's use of those products in its CRC assay.

45. On September 1, 2026, NEB notified Freenome that NEB and biomodal had entered into a settlement agreement resolving the NEB Action. NEB informed Freenome that, pursuant to the settlement, NEB "is now licensed (under the Rao Portfolio) to sell its EM-seq and 5hmC-seq products" and that the settlement permits NEB to continue supplying EM-seq products to Freenome. The terms of the settlement agreement have not been disclosed to Freenome.

**D. biomodal's Threatened Claims Against Freenome**

46. On February 5, 2026, counsel for biomodal sent a letter to Freenome Holdings' Chief Legal Officer asserting that biomodal is the exclusive licensee of six patents in the Rao family: the '053, '091, '213, '216, '373, and '683 patents. Freenome, LLC has succeeded to Freenome Holdings' interests relevant to biomodal's threatened infringement claims. The letter alleged that Freenome's diagnostic assays for detecting colorectal and lung cancer will infringe one or more claims of those patents and demanded that Freenome immediately cease its planned activities absent authorization. A true and correct copy of biomodal's February 5, 2026 letter is attached hereto as Exhibit J.

47. The letter further threatened to file a complaint against Freenome for direct and/or indirect infringement and to seek preliminary and permanent injunctions prohibiting unauthorized

activities with respect to the asserted patents in the clinical diagnostic space, including injunctions against current or future allegedly infringing assays and products. biomodal demanded a response by February 12, 2026, concerning whether Freenome was interested in resolving the matter without court involvement.

48. On or about May 1, 2026, biomodal and CMCC prepared a draft complaint against Freenome Holdings, Freenome, LLC's predecessor in interest, for proposed filing in the United States District Court for the District of Delaware, asserting three Rao-family patents not identified in the February 5 letter: the '742, '346, and '489 patents. The draft complaint alleges that Freenome promotes, offers for sale, and sells SimpleScreen CRC, a blood-based colorectal cancer screening test that analyzes DNA methylation patterns in a patient's blood sample associated with colorectal cancer.

49. The draft complaint alleges that Freenome began offering for sale and selling SimpleScreen CRC in or about March 2026. The draft complaint further alleges that Freenome's purported infringement is willful and seeks enhanced damages under 35 U.S.C. § 284, as well as injunctive relief.

50. The draft complaint acknowledges that Freenome Holdings entered into an agreement with NEB in February 2022 and alleges that Freenome uses NEB's EM-seq products—including the NEBNext Enzymatic Methyl-seq Kit (E7120) and the NEBNext Enzymatic Methyl-seq Conversion Module (E7125)—in its blood-based screening diagnostic assay for the early detection of cancer.

51. biomodal's draft complaint predicates its infringement allegations on Freenome's incorporation and use of NEB's EM-seq products. For each of the '742, '346, and '489 patents, biomodal alleges that each limitation of at least one asserted claim is present or practiced by virtue

of Freenome's use of NEB's EM-seq Kit and EM-seq Conversion Module. biomodal states that its infringement allegations and claim charts were based on publicly available information.

52. The claim charts attached to the draft complaint rely extensively on NEB's instruction manuals for the NEBNext Enzymatic Methyl-seq Kit (E7120) and NEBNext Enzymatic Methyl-seq Conversion Module (E7125) to support biomodal's allegations that Freenome practices limitations of the asserted claims. The NEB EM-seq products on which biomodal predicates its threatened infringement claims against Freenome overlap with the EM-seq products biomodal has accused in the NEB Action and the EM-seq Products covered by the Agreement between NEB and Freenome.

**COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,208,683**

53. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

54. biomodal has asserted that Freenome's diagnostic assays for detecting colorectal and lung cancer will infringe one or more claims of the '683 patent, has threatened to file suit against Freenome for direct and/or indirect infringement of the '683 patent, and has threatened to seek preliminary and permanent injunctive relief. An actual and justiciable controversy therefore exists between Freenome and Defendants concerning whether Freenome infringes any valid and enforceable claim of the '683 patent.

55. Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '683 patent through its development, use, offer for sale, or sale of SimpleScreen CRC. Defendants' infringement claims are also barred, in whole or in part, by the doctrine of patent exhaustion, as set forth in Count XIX below.

56. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’683 patent.

**COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,337,053**

57. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

58. biomodal has asserted that Freenome’s diagnostic assays for detecting colorectal and lung cancer will infringe one or more claims of the ’053 patent, has threatened to file suit against Freenome for direct and/or indirect infringement of the ’053 patent, and has threatened to seek preliminary and permanent injunctive relief. An actual and justiciable controversy therefore exists between Freenome and Defendants concerning whether Freenome infringes any valid and enforceable claim of the ’053 patent.

59. Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’053 patent through its development, use, offer for sale, or sale of SimpleScreen CRC. Defendants’ infringement claims are also barred, in whole or in part, by the doctrine of patent exhaustion, as set forth in Count XIX below.

60. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’053 patent.

**COUNT III – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,774,373**

61. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

62. biomodal has asserted that Freenome's diagnostic assays for detecting colorectal and lung cancer will infringe one or more claims of the '373 patent, has threatened to file suit against Freenome for direct and/or indirect infringement of the '373 patent, and has threatened to seek preliminary and permanent injunctive relief. An actual and justiciable controversy therefore exists between Freenome and Defendants concerning whether Freenome infringes any valid and enforceable claim of the '373 patent.

63. Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '373 patent through its development, use, offer for sale, or sale of SimpleScreen CRC. Defendants' infringement claims are also barred, in whole or in part, by the doctrine of patent exhaustion, as set forth in Count XIX below.

64. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '373 patent.

## COUNT IV – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,443,091

65. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

66. biomodal has asserted that Freenome's diagnostic assays for detecting colorectal and lung cancer will infringe one or more claims of the '091 patent, has threatened to file suit against Freenome for direct and/or indirect infringement of the '091 patent, and has threatened to seek preliminary and permanent injunctive relief. An actual and justiciable controversy therefore exists between Freenome and Defendants concerning whether Freenome infringes any valid and enforceable claim of the '091 patent.

67. Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’091 patent through its development, use, offer for sale, or sale of SimpleScreen CRC. Defendants’ infringement claims are also barred, in whole or in part, by the doctrine of patent exhaustion, as set forth in Count XIX below.

68. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’091 patent.

**COUNT V – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,533,213**

69. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

70. biomodal has asserted that Freenome’s diagnostic assays for detecting colorectal and lung cancer will infringe one or more claims of the ’213 patent, has threatened to file suit against Freenome for direct and/or indirect infringement of the ’213 patent, and has threatened to seek preliminary and permanent injunctive relief. An actual and justiciable controversy therefore exists between Freenome and Defendants concerning whether Freenome infringes any valid and enforceable claim of the ’213 patent.

71. Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’213 patent through its development, use, offer for sale, or sale of SimpleScreen CRC. Defendants’ infringement claims are also barred, in whole or in part, by the doctrine of patent exhaustion, as set forth in Count XIX below.

72. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’213 patent.

**COUNT VI – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,767,216**

73. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

74. biomodal has asserted that Freenome’s diagnostic assays for detecting colorectal and lung cancer will infringe one or more claims of the ’216 patent, has threatened to file suit against Freenome for direct and/or indirect infringement of the ’216 patent, and has threatened to seek preliminary and permanent injunctive relief. An actual and justiciable controversy therefore exists between Freenome and Defendants concerning whether Freenome infringes any valid and enforceable claim of the ’216 patent.

75. Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’216 patent through its development, use, offer for sale, or sale of SimpleScreen CRC. Defendants’ infringement claims are also barred, in whole or in part, by the doctrine of patent exhaustion, as set forth in Count XIX below.

76. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’216 patent.

**COUNT VII – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 12,291,742**

77. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

78. biomodal and CMCC have prepared a draft complaint alleging that Freenome's development, use, offer for sale, and sale of SimpleScreen CRC infringes at least claim 1 of the '742 patent and seeking preliminary and permanent injunctive relief as well as enhanced damages under 35 U.S.C. § 284. An actual and justiciable controversy therefore exists between Freenome and Defendants concerning whether Freenome infringes any valid and enforceable claim of the '742 patent.

79. Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '742 patent through its development, use, offer for sale, or sale of SimpleScreen CRC. Defendants' infringement claims are also barred, in whole or in part, by the doctrine of patent exhaustion, as set forth in Count XIX below.

80. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '742 patent.

## COUNT VIII – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 12,331,346

81. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

82. biomodal and CMCC have prepared a draft complaint alleging that Freenome's development, use, offer for sale, and sale of SimpleScreen CRC infringes at least claim 1 of the '346 patent and seeking preliminary and permanent injunctive relief as well as enhanced damages under 35 U.S.C. § 284. An actual and justiciable controversy therefore exists between Freenome and Defendants concerning whether Freenome infringes any valid and enforceable claim of the '346 patent.

83. Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’346 patent through its development, use, offer for sale, or sale of SimpleScreen CRC. Defendants’ infringement claims are also barred, in whole or in part, by the doctrine of patent exhaustion, as set forth in Count XIX below.

84. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’346 patent.

**COUNT IX – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 12,338,489**

85. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

86. biomodal and CMCC have prepared a draft complaint alleging that Freenome’s development, use, offer for sale, and sale of SimpleScreen CRC infringes at least claim 1 of the ’489 patent and seeking preliminary and permanent injunctive relief as well as enhanced damages under 35 U.S.C. § 284. An actual and justiciable controversy therefore exists between Freenome and Defendants concerning whether Freenome infringes any valid and enforceable claim of the ’489 patent.

87. Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’489 patent through its development, use, offer for sale, or sale of SimpleScreen CRC. Defendants’ infringement claims are also barred, in whole or in part, by the doctrine of patent exhaustion, as set forth in Count XIX below.

88. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’489 patent.

**COUNT X – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,208,683**

89. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

90. An actual and justiciable controversy exists between Freenome and Defendants concerning the validity of one or more claims of the ’683 patent. Defendants have asserted that Freenome’s development, use, offer for sale, and sale of SimpleScreen CRC infringes one or more claims of the ’683 patent and have threatened to seek injunctive relief and damages based on Freenome’s alleged infringement.

91. One or more claims of the ’683 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

92. By way of example and without limitation, one or more claims of the ’683 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art predating the asserted priority date, including, without limitation, EP0133473 and U.S. Patent No. 7,220,854. One or more claims are further invalid under 35 U.S.C. § 101 because they encompass naturally occurring biological phenomena involving the enzymatic modification and glucosylation of cytosine residues without reciting additional elements sufficient to transform those natural phenomena into patent-eligible subject matter. One or more claims are also invalid under 35 U.S.C. § 112 for failure to satisfy the written-description and enablement requirements, including because the

specification does not adequately describe or enable the full scope of the claimed "methylcytosine dioxygenase" and "DNA glucosyltransferase" enzymes.

93. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the '683 patent are invalid.

**COUNT XI – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,337,053**

94. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

95. An actual and justiciable controversy exists between Freenome and Defendants concerning the validity of one or more claims of the '053 patent. Defendants have asserted that Freenome's development, use, offer for sale, and sale of SimpleScreen CRC infringes one or more claims of the '053 patent and have threatened to seek injunctive relief and damages based on Freenome's alleged infringement.

96. One or more claims of the '053 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

97. By way of example and without limitation, one or more claims of the '053 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art predating the asserted priority date, including, without limitation, EP0133473 and U.S. Patent No. 7,220,854.

98. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the '053 patent are invalid.

**COUNT XII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,774,373**

99. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

100. An actual and justiciable controversy exists between Freenome and Defendants concerning the validity of one or more claims of the ’373 patent. Defendants have asserted that Freenome’s development, use, offer for sale, and sale of SimpleScreen CRC infringes one or more claims of the ’373 patent and have threatened to seek injunctive relief and damages based on Freenome’s alleged infringement.

101. One or more claims of the ’373 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

102. By way of example and without limitation, one or more claims of the ’373 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art predating the asserted priority date, including, without limitation, EP0133473, U.S. Patent No. 7,220,854, and U.S. Patent Publication No. 2022/0023049.

103. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the ’373 patent are invalid.

**COUNT XIII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,443,091**

104. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

105. An actual and justiciable controversy exists between Freenome and Defendants concerning the validity of one or more claims of the ’091 patent. Defendants have asserted that Freenome’s development, use, offer for sale, and sale of SimpleScreen CRC infringes one or more claims of the ’091 patent and have threatened to seek injunctive relief and damages based on Freenome’s alleged infringement.

106. One or more claims of the ’091 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

107. By way of example and without limitation, one or more claims of the ’091 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art predating the asserted priority date, including, without limitation, EP0133473 and U.S. Patent No. 7,220,854.

108. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the ’091 patent are invalid.

**COUNT XIV – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,533,213**

109. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

110. An actual and justiciable controversy exists between Freenome and Defendants concerning the validity of one or more claims of the ’213 patent. Defendants have asserted that Freenome’s development, use, offer for sale, and sale of SimpleScreen CRC infringes one or more claims of the ’213 patent and have threatened to seek injunctive relief and damages based on Freenome’s alleged infringement.

111. One or more claims of the ’213 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

112. By way of example and without limitation, one or more claims of the ’213 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art predating the asserted priority date, including, without limitation, U.S. Patent No. 8,465,919 and U.S. Patent Publication No. 2022/0023049. One or more claims are further invalid under 35 U.S.C. § 112 for failure to satisfy

the written-description and/or enablement requirements, including because the specification does not adequately describe or enable the full scope of the claimed "TET-family enzymes and catalytically active fragments thereof."

113. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the '213 patent are invalid.

**COUNT XV – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,767,216**

114. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

115. An actual and justiciable controversy exists between Freenome and Defendants concerning the validity of one or more claims of the '216 patent. Defendants have asserted that Freenome's development, use, offer for sale, and sale of SimpleScreen CRC infringes one or more claims of the '216 patent and have threatened to seek injunctive relief and damages based on Freenome's alleged infringement.

116. One or more claims of the '216 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

117. By way of example and without limitation, one or more claims of the '216 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art predating the asserted priority date, including, without limitation, EP0133473 and U.S. Patent No. 7,220,854.

118. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the '216 patent are invalid.

**COUNT XVI – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 12,291,742**

119. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

120. An actual and justiciable controversy exists between Freenome and Defendants concerning the validity of one or more claims of the ’742 patent. Defendants have prepared a draft complaint alleging that Freenome’s development, use, offer for sale, and sale of SimpleScreen CRC infringes one or more claims of the ’742 patent and seeking injunctive relief and damages based on Freenome’s alleged infringement.

121. One or more claims of the ’742 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

122. By way of example and without limitation, one or more claims of the ’742 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art predating the asserted priority date, including, without limitation, U.S. Patent No. 8,465,919 and U.S. Patent Publication No. 2022/0023049. One or more claims are further invalid under 35 U.S.C. § 101 because they encompass naturally occurring biological phenomena involving the enzymatic oxidation of methylated cytosine residues, and the additional downstream steps recited in the claims do not supply an inventive concept sufficient to transform those natural phenomena into patent-eligible subject matter. One or more claims are also invalid under 35 U.S.C. § 112 for failure to satisfy the written-description and/or enablement requirements, including because the specification does not adequately describe or enable the full scope of the claimed TET-family enzymes and fragments thereof.

123. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the ’742 patent are invalid.

**COUNT XVII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 12,331,346**

124. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

125. An actual and justiciable controversy exists between Freenome and Defendants concerning the validity of one or more claims of the ’346 patent. Defendants have prepared a draft complaint alleging that Freenome’s development, use, offer for sale, and sale of SimpleScreen CRC infringes one or more claims of the ’346 patent and seeking injunctive relief and damages based on Freenome’s alleged infringement.

126. One or more claims of the ’346 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

127. By way of example and without limitation, one or more claims of the ’346 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art predating the asserted priority date, including, without limitation, U.S. Patent No. 8,465,919, U.S. Patent Publication No. 2022/0023049, EP0133473, and U.S. Patent No. 7,220,854. One or more claims are further invalid under 35 U.S.C. § 101 because they encompass naturally occurring biological phenomena involving the enzymatic oxidation of methylated cytosine residues and glucosylation of hydroxymethylcytosine residues, and the additional downstream steps recited in the claims do not supply an inventive concept sufficient to transform those natural phenomena into patent-eligible subject matter. One or more claims are also invalid under 35 U.S.C. § 112 for failure to satisfy the written-description and/or enablement requirements, including because the specification does not

adequately describe or enable the full scope of the claimed TET-family polypeptides and glucosyltransferase polypeptides.

128. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the ’346 patent are invalid.

**COUNT XVIII – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 12,338,489**

129. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

130. An actual and justiciable controversy exists between Freenome and Defendants concerning the validity of one or more claims of the ’489 patent. Defendants have prepared a draft complaint alleging that Freenome’s development, use, offer for sale, and sale of SimpleScreen CRC infringes one or more claims of the ’489 patent and seeking injunctive relief and damages based on Freenome’s alleged infringement.

131. One or more claims of the ’489 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

132. By way of example and without limitation, one or more claims of the ’489 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art predating the asserted priority date, including, without limitation, U.S. Patent No. 8,465,919, U.S. Patent Publication No. 2022/0023049, EP0133473, and U.S. Patent No. 7,220,854. One or more claims are further invalid under 35 U.S.C. § 101 because they encompass naturally occurring biological phenomena involving the enzymatic oxidation of methylated cytosine residues and glucosylation of hydroxymethylcytosine residues by BGT or AGT, and the additional steps recited in the claims do not supply an inventive concept sufficient to transform those natural phenomena into patent-

eligible subject matter. One or more claims are also invalid under 35 U.S.C. § 112 for failure to satisfy the written-description and/or enablement requirements, including because the specification does not adequately describe or enable the full scope of the claimed TET-family polypeptides and glucosyltransferases comprising BGT or AGT.

133. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the ’489 patent are invalid.

**COUNT XIX – DECLARATORY JUDGMENT OF PATENT EXHAUSTION**

134. Freenome incorporates by reference and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

135. An actual and justiciable controversy exists between Freenome and Defendants concerning whether Defendants may assert the Patents-in-Suit against Freenome based on Freenome’s purchase and use of NEB’s EM-seq Products. Defendants have asserted or threatened infringement claims against Freenome based on Freenome’s use of NEB’s EM-seq Products and have threatened to seek damages and preliminary and permanent injunctive relief.

136. Under the doctrine of patent exhaustion, an authorized sale of a patented article exhausts the patentee’s rights to control the use or sale of that article. Patent exhaustion also applies to the authorized sale of an article that substantially embodies a patent, including where the article embodies the essential features of the patented invention and has no reasonable non-infringing use, even where additional steps are required after the sale.

137. biomodal has accused NEB’s EM-seq Products of practicing the Rao-family patents and has alleged in the NEB Action that NEB directly infringes by making, using, offering to sell, selling, and/or importing those products. biomodal has further alleged that NEB contributes to infringement by supplying EM-seq Products that constitute a material part of the claimed

inventions, are especially made or adapted for use in infringement, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

138. biomodal's threatened infringement claims against Freenome likewise depend on Freenome's purchase and use of NEB's EM-seq Products. With respect to the '742, '346, and '489 patents, biomodal's draft complaint alleges that limitations of the asserted claims are present or practiced by virtue of Freenome's use of NEB's EM-seq Products and relies extensively on NEB's own instruction manuals to support those allegations.

139. NEB has informed Freenome that, pursuant to its settlement with biomodal, NEB is licensed under the Rao patent portfolio to sell its EM-seq and 5hmC-seq products and will continue supplying EM-seq products to Freenome. As alleged above, NEB supplies EM-seq Products to Freenome with knowledge that Freenome incorporates those products into its commercial blood-based cancer-screening diagnostic, and biomodal likewise has knowledge of Freenome's diagnostic use of NEB's EM-seq Products and predicates its threatened infringement claims on that use.

140. To the extent NEB's sales of EM-seq Products to Freenome under the Agreement are authorized by Defendants, such authorized sales exhaust Defendants' patent rights with respect to those products and their downstream use. Defendants may not obtain through infringement claims against Freenome patent rights that were exhausted by the authorized sale of the products on which those claims are predicated.

141. To the extent the EM-seq Products substantially embody one or more of the Patents-in-Suit, including because the products embody the essential features of the claimed inventions and have no reasonable non-infringing use, NEB's authorized sale of those products exhausts

Defendants' patent rights with respect to Freenome's downstream use of the products, notwithstanding that additional steps may be performed after the sale.

142. Freenome is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Defendants' rights under the Patents-in-Suit are exhausted with respect to Freenome's purchase and use of EM-seq Products sold by NEB with Defendants' authorization and that Defendants therefore may not assert the Patents-in-Suit against Freenome based on such purchase and use.

## PRAYER FOR RELIEF

Wherefore, Freenome respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a. A declaration that Freenome has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '683, '053, '373, '091, '213, '216, '742, '346, and '489 patents;

b. A declaration that one or more claims of each of the '683, '053, '373, '091, '213, '216, '742, '346, and '489 patents are invalid for failure to comply with one or more conditions and requirements of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

c. A declaration that Defendants' rights under the Patents-in-Suit are exhausted with respect to Freenome's purchase and use of EM-seq Products sold by NEB with Defendants' authorization, and that Defendants may not assert the Patents-in-Suit against Freenome based on such purchase and use;

d. A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to Freenome of its reasonable attorneys' fees incurred in connection with this action;

e. An award to Freenome of its costs of suit; and

f. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Freenome hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Dated: September 2, 2026

Respectfully submitted,

/s/ *William Jackson*
William Jackson (BBO #637636)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington DC, 20036
(202) 346-4000
WJackson@goodwinlaw.com

Natasha Daughtrey (*pro hac vice forthcoming*)
GOODWIN PROCTER LLP
601 S. Figueroa Street
Los Angeles, CA 90017-5704
(213) 426-2500
NDaughtrey@goodwinlaw.com

Christine Potkay (*pro hac vice forthcoming*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
CPotkay@goodwinlaw.com

Harrison Gunn (BBO #707256)
GOODWIN PROCTER LLP

100 Northern Avenue
Boston, MA 02210
(617) 570-1000
HGunn@goodwinlaw.com